**Alfred Walton CROSS, an Incompetent, By and Through His Next Friend (Miss) Sarah M. Williams, Plaintiff,**

v.

**Milton I. WHITLEY, Defendant.**

**Civ. No. 511.**

United States District Court, E. D. North Carolina.

April 26, 1967.

John H. Hall, Gerald F. White of Aydlett & White, Elizabeth City, N. C., Philip P. Godwin, Gatesville, N. C., for plaintiff.

L. P. Hornthal, Jr., of LeRoy, Wells, Shaw & Hornthal, Elizabeth City, N. C., for defendant.

## OPINION and JUDGMENT

LARKINS, District Judge.

### SUMMARY

This cause comes before the Court without the intervention of a jury as a civil action arising out of an automobile accident occurring in Gates County,

North Carolina. The action was originally instituted in the Superior Court of Gates County on November 17, 1964 but has since been removed to this Court upon petition of the defendant, a resident of Virginia. Jurisdiction is based upon diversity of citizenship and requisite statutory amount in controversy and is not in dispute.

Plaintiff, an incompetent, who was 48 years of age on the date of the accident, seeks to recover damages for loss of earning capacity, hospital and medical expenses, pain and suffering, and expenses for future care, contending that he can no longer care for himself as a result of the accident. The allegations of the complaint are substantially as follows: that at about 11:30 p. m. on November 17, 1962, plaintiff was riding as a guest passenger in a 1949 Plymouth automobile owned and maintained by the defendant, Milton I. Whitley, "as a family purpose automobile"; that the automobile was being operated at that time by Herbert Clinton Lassiter, a seventeen-year-old brother-in-law of the defendant who at that time resided with and made his home with the defendant and his wife; that Herbert Clinton Lassiter was on the date in question operating the automobile with the knowledge and consent of the defendant and was the agent of the defendant and was acting within the scope of such agency at such time; that Herbert Clinton Lassiter negligently operated defendant's automobile in such a manner as to run off the road and go out of control on a curve in the town of Gatesville, North Carolina, overturning several times and injuring plaintiff and another guest passenger, Lassiter himself being killed immediately.

Defendant answered, admitting ownership of the vehicle but denying that Lassiter was his agent and that Lassiter had his permission to use the car in the State of North Carolina; defendant further answered that the loss of control was caused by a blowout and was unavoidable. In his amended answer, defendant alleged that plaintiff was intoxicated at the time of the accident and was contributorily negligent in that he rode with a driver who "had been partaking of intoxicating liquor" and in that plaintiff was in no condition to protect himself, offer advice, or to do anything for his own safety. These defenses were all denied by plaintiff in his replies.

Neither party demanded trial by jury, and a trial on the full merits of the case was held at the November 1966 Term in Elizabeth City, North Carolina. At the close of plaintiff's evidence, defendant moved for involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, on the ground that upon the facts and the law the plaintiff had by his own evidence shown that he was not entitled to relief. The Court as trier of the facts declined to render any judgment until the close of all the evidence, and the defendant proceeded to put on his evidence. At the close of all the evidence, the defendant renewed his motion to dismiss under Rule 41(b), and the Court took the matter under advisement pending receipt of a transcript, directing counsel to prepare and submit memorandums of law and proposed findings of fact and conclusions of law.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

### I. *Jurisdiction*

At the time of the commencement of this action on November 17, 1964, the plaintiff was a resident of Chesapeake, Virginia, and the defendant was a resident of Gatesville, North Carolina. The amount in controversy exceeds $10,000. exclusive of interest and costs, being the sum of $69,000. The accident of which plaintiff complains occurred in Gatesville, North Carolina, in the Elizabeth City Division of the Eastern District of North Carolina, on November 17, 1962.

### II. *Negligence*

On the night of November 17, 1962, between eleven and twelve o'clock, Her-

bert Clinton Lassiter was driving the 1949 Plymouth automobile of the defendant, Milton I. Whitley, accompanied by two passengers, Alfred Walton Cross (the plaintiff) and one Alfred Twine, in a northerly direction on North Carolina Highway #37 toward the town of Gatesville, North Carolina. As Highway #37 enters the Town limits of Gatesville from the south, it curves to the right and leads onto Bennett's Creek Bridge, then curves sharply to the right after traversing the sixty-foot bridge into the corporate limits of the town. Highway #37 at this location was a two-laned, hard-surfaced asphalt road approximately 20 feet wide. The outer extremities of the highway were marked by white lines, while two unbroken yellow lines with a broken white line between them ran along the center of the road from a point before entering onto the bridge, on around the second curve into the town limits. Approximately 1000 feet before reaching the first curve, there was a "Reduce Speed Ahead" sign which had been posted by the State Highway Commission, and at the town limits just before crossing the bridge was an official highway sign indicating the beginning of a 35 mile per hour speed zone. Despite admonitions by both the plaintiff and Alfred Twine (the other passenger in the car), Herbert Clinton Lassiter reached and maintained a speed of at least 80 miles per hour prior to entering the two curves aforementioned and continued at a high rate of speed on into the first curve and across the bridge into the second curve within the town limits, attempting to take the curves at such speed, losing control of the automobile and going off the left-hand shoulder of the road, causing the automobile to overturn several times, throwing its occupants out onto the highway and totally demolishing the automobile. Circumstantial evidence of skidmarks and "dugout places" along the path travelled by the automobile lend further support to the statements of the two surviving occupants regarding the excessive speed at which Lassiter was driving prior to losing control. As a result of the accident, the plaintiff and the other passenger, Alfred Twine, were injured, and the driver, Herbert Clinton Lassiter, was dead by the time the investigating officer arrived at the scene.

### III. *Agency*

On the date of the accident, the 1949 Plymouth automobile being driven by Herbert Clinton Lassiter bearing 1962 license tag number 192638 was owned by the defendant, Milton I. Whitley. At such time, Lassiter was seventeen years of age and lived with his parents in Portsmouth, Virginia, while the defendant, who was Lassiter's brother-in-law, lived in Suffolk, Virginia. Lassiter, then, did not live in the home or in the same town as the defendant Whitley and was not a member of his household. The defendant did not exercise any supervision, discipline or control over the person of Herbert Clinton Lassiter and did not have any right to do so, Lassiter being the minor son of his own living parents and residing with them in another town as aforementioned. Defendant did not furnish any monetary support for Lassiter, and to the extent that Lassiter was not self-supporting, he was supported by his own parents.

Herbert Clinton Lassiter owned his own automobile. The 1949 Plymouth automobile of the defendant was provided for the use only of the defendant and his wife and not that of Herbert Clinton Lassiter. Lassiter did not have general permission of the defendant to use his automobile and was not free to use it without defendant's permission.

On the date of the accident, Lassiter's own automobile was broken down and he sought and gained the permission of the defendant to borrow his car to drive to a dance at Hollins, Virginia, a distance of some twelve miles west from Suffolk. Upon loaning him his car, the defendant instructed Lassiter that he could use the car to go to Hollins, but that he was to be back with it by 11:00 p.m. that evening. Lassiter went by the home of Alfred Twine in Suffolk, Virginia and the

two of them headed for Hollins, Virginia for the dance but learned at the edge of Suffolk that the dance was not going to be held. Rather than returning back into Suffolk with the defendant's automobile, Lassiter and Twine drove south from Suffolk down into North Carolina some 25 miles to the town of Gatesville, North Carolina, where they picked up the plaintiff in an Esso service station to go to ride with them at Twine's invitation. The three of them rode around for a while, dropping in on a teenage club close to Sunbury, North Carolina and a pool room in Roduco, North Carolina, drove to Sunny Hill near Edenton, North Carolina, and then headed back up north to Gatesville, North Carolina, coming in on Highway #37 as previously indicated. The defendant had allowed Lassiter to use his automobile for the limited purpose of attending a dance twelve miles away in Hollins, Virginia, to return by 11:00 p.m. that evening and did not give him permission to take the automobile down into the State of North Carolina and did not know that Lassiter was operating the automobile out of the designated locality at the time of the accident. At the time of the accident and during the entire period of use of the defendant's automobile, Herbert Clinton Lassiter was operating it for his own personal pleasure purposes and was not at anytime during the period of such use on any errand or mission for the defendant or engaged in any business or affairs of the defendant.

## CONCLUSIONS OF LAW

From the foregoing findings of fact, the Court arrives at the following conclusions of law:

1. That the Court has jurisdiction over the subject matter and the persons involved in this action, the former being based upon diversity of citizenship and requisite amount in controversy;

2. That Herbert Clinton Lassiter was negligent in the operation of the defendant's 1949 Plymouth automobile on the night of November 17, 1962, and that his negligence was the sole, direct and proximate cause of the injuries sustained by the plaintiff;

3. That at the time of the accident, Herbert Clinton Lassiter was not acting as the agent of the defendant within the contemplation of the "Family Purpose Doctrine" under the laws of the State of North Carolina, the evidence conclusively showing that the Doctrine is inapplicable to this case;

4. Notwithstanding the rule of evidence created by G.S. § 20–71.1(a) and (b) that proof or admission of ownership of the vehicle is prima facie evidence that the operator thereof was at the time of the accident acting as the agent of the owner, plaintiff has failed to establish that at the time of the accident, Herbert Clinton Lassiter was acting as the agent of the defendant under the doctrine of "Respondeat Superior." All of the positive evidence in the case is to the effect that Herbert Clinton Lassiter, albeit having permission to use the vehicle, was on a mission solely for his own pleasure and the pleasure of his invitees and not on any business for the registered owner. Here, not only is it clear that Lassiter was on a mission of his own and not on any business of the defendant, but also that he departed substantially from the scope of the limits and conditions which the uncontradicted testimony of the defendant indicates were imposed upon the granting of permission to take his car to a dance.

## JUDGMENT

It is therefore ordered, adjudged and decreed that this action be, and the same is hereby dismissed, and that the plaintiff have and recover nothing from the defendant;

It is further ordered that the defendant shall recover his costs in this action.

Let this judgment be entered forthwith.